# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **REBECCA COLLINS, individually and on behalf of all others similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) | **Case No.: 7:04CV553-VEH** |
| ) | |
| v. ) | |
| ) | |
| **FAMILY DOLLAR STORES, INC.,** ) | |
| ) | |
| **Defendants.** ) ) ) | |

## MEMORANDUM OF OPINION AND ORDER

This matter comes before the Court on: (1) Plaintiff's Motion to Substitute Max C. Pope, Trustee of the Bankruptcy Estate of Gloria Wilson, as Plaintiff in place of Gloria Wilson (doc. 172); and (2) Defendant's Motion to Dismiss Plaintiff Gloria Wilson (doc. 171).

Defendant Family Dollar Stores Inc. (hereinafter "Family Dollar") argues that the sole issue before the Court is whether Fed. R. Civ. P. 17 warrants the substitution of Mr. Pope as the real party in interest. Family Dollar alleges that the present case does not warrant the application of Fed. R. Civ. P. 17 because: (1) Ms. Wilson did not make an understandable or honest mistake when she pursued this action in her own

name; and (2) allowing Mr. Pope to substitute at this date would be contrary to the requirement in Rule 17 that the real party in interest be substituted within a reasonable time. This Court disagrees with Family Dollar. Therefore, the Motion to Substitute (doc. 172) is hereby **GRANTED** and the Motion to Dismiss (doc. 171) is **DENIED**.

## Summary of the Case

On March 16, 2004, Plaintiff Rebecca Collins filed this lawsuit, on behalf of herself, Ms. Wilson, and other individuals alleging that Family Dollar violated the Equal Pay Act by paying female store managers less than what they paid male store managers for the same work. Ms. Wilson held the position of store manager from June 4, 2000 to July 10, 2002. On September 20, 2002, she filed a Chapter 7 bankruptcy petition with the United States District Court for the Northern District of Alabama. On April 5, 2006, Family Dollar moved to dismiss Ms. Wilson as plaintiff on the ground that she lacked standing to bring her claim based on her previous bankruptcy filing. On the same day, Bankruptcy Trustee Max C. Pope filed a Motion to Substitute himself as plaintiff in place of Ms. Wilson.

## Standard of Review

Federal Rule of Civil Procedure 17 permits the substitution of a party in lieu of an action's dismissal where the action is not prosecuted in the name of the real

party in interest. *See* Fed. R. Civ. P. 17(a). The Rule states in pertinent part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest***

*See* Fed. R. Civ. P. 17(a).

## **Analysis**

It is undisputed that, upon the filing of her bankruptcy petition, Ms. Wilson's pre-petition claim of discrimination vested in the bankruptcy estate. Therefore, from that point on, Ms. Wilson was no longer the real party in interest. The trustee, as representative of the bankruptcy estate, became the proper party in interest with exclusive standing to assert any claims which are property of the bankruptcy estate. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)(citing 11 U.S.C. §§ 541 (a)(1)); *See also Barger v. City of Cartersville, GA.*, 348 F.3d 1289, 1292 (11th Cir. 2003).[1]

Family Dollar's first allegation is that substitution is not warranted on the

---

[1] In *Parker*, the Eleventh Circuit explained that a pre-petition cause of action was the property of the bankruptcy estate and, therefore, the Court allowed the Trustee to be substituted in place of the debtor and to proceed with the lawsuit, despite the fact that the debtor had failed to list the lawsuit in her bankruptcy petition. *Parker*, 365 F.3d at 1272.

ground that Ms. Wilson knowingly pursued her claim in her own name, despite the fact that she did not have standing to pursue the claim. The Court takes particular notice of the Eleventh Circuit's decision in *Barger*. In that case, Barger, the original named plaintiff pursued her discrimination claims in the district court in her own name; the Court decided the case adversely to her liking and she eventually filed an appeal with the Eleventh Circuit. The Eleventh Circuit explained that, although it was Barger who pursued claims in which she no longer had an interest and although she evidently deceived her trustee by withholding her claim, the trustee was permitted to succeed Barger's position from that point forward in the proceedings. The Court did not penalize the trustee for the dubious decision-making of the original plaintiff. *Barger*, 348 F.3d at 1296. Likewise, upon filing a petition for bankruptcy, Ms. Wilson withheld her claim of discrimination from her bankruptcy schedule. In *Barger*, the Eleventh Court specifically referred to the fact that it was so inclined to grant the substitution because the district court had failed to direct the trustee to substitute for the plaintiff. This Court is cognizant of Ms. Wilson's conduct; however, pursuant to the Eleventh Circuit's decision, the Court hereby concludes that it is within the discretion of the district court to grant a trustee substitution despite the fact that the original plaintiff has withheld information on her bankruptcy schedule.

Next, the Court turns to *Parker,* a case in which the named plaintiff failed to

disclose her interest in the cause of action as an asset on her bankruptcy schedule. The Eleventh Circuit explained that failure to list an interest as an asset on a bankruptcy schedule leaves that interest in the bankruptcy estate. *Parker*, 365 F.3d at 1272. Therefore, despite the fact that Ms. Wilson may have failed to disclose her claim of discrimination as an asset and, instead, chose to proceed with the case in her own name, the interest undeniably belongs to the bankruptcy estate, a case which only a trustee has standing with which to proceed. Based on the foregoing, the Court finds no justifiable reason why the trustee should be prohibited from proceeding with the claim. Accordingly, it is this Court's decision to substitute Mr. Pope as plaintiff in the place of Ms. Wilson.

As to Family Dollar's second allegation, the Court refers back to *Barger* in determining what constitutes "reasonable time" for purposes of substituting a party. In *Barger*, there had been no motion to substitute filed in the trial stage of the litigation. The Eleventh Circuit explained that "[s]ince the district court never directed the trustee to substitute for Barger or join her in this suit, the Trustee simply takes Barger's place from hereon." *Barger*, 348 F.3d at 1293 (11th Cir. 2003). The Eleventh Circuit was not stirred by the amount of time that had passed; it was concerned with justice and fairness. It did not allow the lack of prudence on the part of the plaintiff or the passage of time to prevent the proper party from pursuing the

case. Therefore, this Court concludes that it is squarely within the purview of the Court's discretion to permit Mr. Pope to substitute as plaintiff in the place of Ms. Wilson.

## Conclusion

Based upon the foregoing, the Court finds that the present case does in fact warrant the application of Rule 17. Accordingly, the Motion to Substitute Mr. Pope as plaintiff in the place of Ms. Wilson is hereby **GRANTED** and the Motion to Dismiss is **DENIED**.

**DONE** and **ORDERED** this 24th day of May, 2006.

                                                                */s/ VEHopkins*

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge