FILED
 2006 Dec-11 AM 08:18
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| REBECCA COLLINS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>JEANETTA WALKER, et al.,<br><br>Opt-In Plaintiffs,<br><br>v.<br><br>FAMILY DOLLAR STORES, INC.,<br><br>Defendant. | CIVIL ACTION NO.:<br>7:04-CV-0553-VEH |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

This Equal Pay Act ("EPA") action is brought under § 216(b) of the Fair Labor Standards Act ("FLSA") by Rebecca Collins ("Collins") against Family Dollar Stores, Inc. ("Family Dollar") alleging that she and other female Family Dollar store managers were paid less than male store managers who performed jobs of equal skill, responsibility and effort under similar working conditions. (Doc. # 1 ¶¶ 1,5,6). On September 13, 2005, the court entered a Memorandum Opinion and Order (Doc. #137), which certified an initial FLSA collective action. (*Id.* at 2). Before the court

is Family Dollar's Motion to Decertify the Plaintiff Collective Class.[1] (Doc. #187). In the court's discretion and as analyzed below, Family Dollar has the stronger position. Accordingly, Family Dollar's Motion to Decertify the Plaintiff Collective Class is due to be granted.

## II. BACKGROUND

Collins is a female former Family Dollar store manager who filed this action on March 16, 2004, on the basis that she and other female Family Dollar store managers were discriminated against in pay in violation of the Equal Pay Act. (Doc. #1 ¶¶ 1,5,6). On September 13, 2005, the court ruled that the districts in which Collins worked were a single-establishment, and that, at least on a *prima facie* basis, Collins was similarly situated to the purported opt-in claimants.

As a result of this decision, notice was to be sent to all female store managers who worked in the two districts that Collins worked in during the preceding three (3) years.[2] In total, one Hundred and Six (106) notices were mailed to these female store managers. Ten (10) of the notices were returned as undeliverable, and twenty-two (22) females, or 20.75%, initially opted into the case.

---

[1]29 U.S.C. § 216(b) authorizes employees to bring collective pay actions "in behalf of . . . themselves and other employees similarly situated" who file notices of consents to join or opt-in to the suit.

[2]Collins worked in two districts: District 53 of Region 4 and District 56.

Currently Collins, the named plaintiff, and fifteen (15) opt-in female plaintiffs are a part of this case.[3]  As Collins has conceded in her opposition brief, one (1) of the fifteen (15) opt-in female plaintiffs, Barbara Richardson, is due to be dismissed for untimeliness.  (Doc. #235 at 2 n.1).  With only fourteen (14) remaining opt-in claimants, the percentage of interest in the proposed collective action now equals 13.21%.

## III.  ANALYSIS

### A.  Relevant FLSA Provisions and Judicial Application

Section 206(d) of the FLSA provides:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d).

---

[3] The fifteen (15) opt-in plaintiffs are:  1) Jeanetta Walker; 2) Barbara Richardson; 3) Cottrell Bell; 4) Barbara Hampton; 5) Donna Burroughs; 6) Mary Covington; 7) Willie Woods; 8) Eva Harrell; 9) Sherry Rowell; 10) Carolyn Shields; 11) Sherry Roebuck; 12) Kandy Scarborough; 13) Luana Scott; 14) Marcella Larry; and 15) Gloria Wilson.

Section 216(b), provides that:

> [a]n action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The Court of Appeals for the Eleventh Circuit has endorsed a two-step approach to determining whether to certify a collective action under Section 216(b).

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and affidavits which have been submitted-whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (citation omitted).[4]  "Because the court has minimal evidence [during the first stage], this

---

[4] In *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562 (11th Cir. 1991), the Eleventh Circuit set forth a two-part test for determining whether a collective action under the FLSA should be conditionally certified. The two judicial inquiries for the court to make are: (i) whether there are other employees of the employer who wish to "opt-in;" and (ii) whether these employees are "similarly situated" with respect to both there job duties and their pay. *Dybach*, 942 F.2d at 1567-68; *see also Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240,

4

determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Hipp*, 252 F.3d at 1218.

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

*Hipp,* 252 F.3d at 1218.[5]

Consistent with binding precedent, this court uses the *Hipp* "two-step" approach to § 216(b) certification. As noted above, the court has already evaluated the first step and ruled that a conditional collective action should be certified for notice purposes.

Now that the parties have conducted discovery, the second review of collective action certification is appropriate. Collins bears the burden of demonstrating a

---

1247-49 (11th Cir. 2003) (detailing differences between collective actions under FLSA and class actions under Rule 23).

[5]Although *Hipp* involved a collective action brought under the Age Discrimination in Employment Act of 1967, the Eleventh Circuit has made clear that the analysis set forth in that case applies with equal force to FLSA collective actions. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003).

"reasonable basis" for her claim that collective action status is appropriate. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citation omitted). Also, "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Hipp*, 252 F.3d at 1219.

The Supreme Court has identified the main benefits of a collective action under § 216(b):

> A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity.

*Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989). The court must balance the putative benefits against any prejudice to the defendant and any judicial inefficiencies that may result from allowing plaintiffs to proceed collectively. *Bayles v. American Medical Response of Colorado, Inc.,* 950 F. Supp. 1053, 1067 (D. Colo.1996). The court now addresses whether Collins and the opt-in plaintiffs have satisfied the substantially similar test based upon the more factually-intensive review required under the second stage of the *Hipp* decision.

    **B.**    **The court, in its discretion concludes, that decertification of the conditional collective class is appropriate.**

Family Dollar challenges the second certification stage on two grounds: 1) the lack of a demonstrable and appreciable interest in the collective action; and 2) the lack of substantial similarity. Collins counters that: 1) sufficient interest does exist and the cases relied upon by Family Dollar are distinguishable because they address the issue of initial conditional certification; 2) substantial similarity does exist; and 3) decertification will defeat the policies underlying collective actions. In the court's discretion and as discussed in more detail below, Family Dollar's motion is well-taken. Accordingly, Family Dollar's Motion to Decertify the Plaintiff Collective Class is due to be granted.

### 1. The interest in the collective action is insufficient.

Unlike Rule 23 of the Federal Rules of Civil Procedure, § 216(b) has no express numerosity provision. However, an implicit consideration as to numerosity or sufficiency of interest exists because, in its absence, the benefit of "lower individual costs to vindicate rights by the pooling of resources" is minimalized. *See Sperling*, *supra*. In *Dybach*, *supra*, n.4, for example, the Eleventh Circuit observed in a case addressing the more lenient first stage of certification under the FLSA:

> However, in this instance, we reach that issue because it would appear that there is considerable probability that Dybach will be able to proffer evidence to the district court on remand of this case showing that there are a number of employees of the department-employer who are "similarly situated" and who may desire to "opt-in."

*Id.* at 1567. Accordingly, the Eleventh Circuit has acknowledged the importance of a plaintiff's probability to show "that there are a number of employees" who fit within the potential conditional collective action at the initial stage of analysis. *A fortiori* (and contrary to the position of Collins that such cases are inapplicable), the actual existence of a significant number of other employees who have expressed a desire to opt-in after receiving notice is fundamental to the court's determination of whether final certification is appropriate. *See also Cameron-Grant*, 347 F.3d at 1249, *supra* n.4 ("Thus, in contrast to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs.").

Alternatively, even if the number of opt-in claimants is not controlling on the issue of final certification,[6] it is unquestionably a relevant factor for the court consider when weighing the competing interests at stake in analyzing the issue of final certification of a collective action. Moreover, Collins has not been able to point the court to a case in which a FLSA collection action has been finally certified with fourteen (14) or fewer opt-in plaintiffs.

### 2. Alternatively, Collins is unable to show substantial similarity.

---

[6] For instance, "[n]o definite standard exists as to what size class satisfies the requirements of Rule 23(a)(1)." *See Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir.1980), *cert. denied*, 449 U.S. 1113 (1981).

Family Dollar's Motion to Decertify the Plaintiff Collective Class is due to be granted due to the alternative reason that Collins is unable to show substantial similarity due to the highly individualized and subjective nature of the compensation claims involved. "[T]he burden is on the plaintiffs to make an evidentiary showing that they and the proposed class are similarly situated, not on the defendants to disprove such similarity." *Reed v. Mobile County Sch. Sys.*, 246 F. Supp. 2d 1227, 1232 (S.D. Ala. 2003).

Up to five (5) different district managers played a role in the claimants' pay decisions.[7] Moreover, these five (5) district managers applied various factors at differing weights, including the individual characteristics of each store (*i.e.*, rural v. urban, small v. large, low risk v. high risk, etc.), in reaching the pay decisions at issue. For example, while District Managers Stotts and Cannon set the pay for most of the claimants, they undisputedly used different methodologies in making their compensation decisions. (*See generally* Doc. #187 at 7-12). Acknowledging these variances, Collins proposes as an alternative that the court consider creating two sub-classes of individuals under Stotts and Cannon. (Doc. #235 at 11). However, the burden is on Collins to propose and demonstrate a reasonable basis for a workable

---

[7]The five (5) managers are Peggy Stotts, Malcolm Cannon, James Papp, Scott McLeod, and David Geiger. (Doc. #238 at 7).

class or subclasses, not the court. Moreover, the court cannot envision how the creation of two subclasses cures the substantial similarity problem because three (3) other district managers have been identified as playing a role in making pay determinations for at least some of the claimants.

Furthermore, the opt-in claimants' pay was set for managing a store other than the one managed by Collins. This means that the factual nexus applicable to Collins's pay is unlike any of the others wishing to form a collective action with her. *See Barron v. Henry County School Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003) (citation omitted) ("[S]ome identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency."). Also, and as outlined in the pending motions for summary judgment, the opt-in plaintiffs have significant factual and legal differences among them as a group, including multiple claimants with statute of limitation issues, three (3) without experience as full-time managers, and one (1) who did not serve as a store manager in either of the districts in which Collins worked. (Doc. #238 at 6).

Therefore, and in this court's discretion, the subjectivity of the disparate district manager decision-makers involved in the compensation decision-making process and the variety of differences among Collins and the opt-in claimants render this case unmanageable and unworkable as a collective action.

### 3. Collins's policy arguments in favor of final certification fail.

Decertification is the preferable policy choice in this instance because, factually and legally, the claims of Collins and the opt-in claimants lack the necessary commonality, thus making collective action status under the FLSA inappropriate. While the opt-in claimants will lose the opportunity to pursue their claims collectively, they will still have the right to pursue their claims individually against Family Dollar, if they so chose within thirty (30) days from the entry date of this decision.

## V. CONCLUSION

For the reasons explained above, Family Dollar's Motion to Decertify the Plaintiff Collective Class is due to be granted, and the claims of the opt-in plaintiffs are due to be dismissed without prejudice. Additionally and with Collins's consent, the claims of opt-in plaintiff Richardson are due to be dismissed with prejudice due to their untimeliness. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 8th day of December, 2006.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge